IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY CURTIS BROACH, #136351, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-158-MEF |
| | ) [WO] |
| | ) |
| JERRY FERRELL, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Tony Curtis Broach ["Broach"], a state inmate, on February 7, 2007.[1] In this petition, Broach challenges actions taken by the state courts in a civil case initially filed by petitioner as a writ of certiorari challenging the procedures governing disciplinary actions in the Alabama prison system. Specifically, Broach argues that the Circuit Court of Montgomery County, Alabama (i) failed to rule on a dispositive motion filed by

---

[1] Although the Clerk stamped the petition filed on February 22, 2007, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Broach certified that he executed this federal habeas petition on February 7, 2007. *Petition for Habeas Corpus Relief* at 7. "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Broach] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of this proceeding, the court considers February 7, 2007 as the date of filing.

petitioner and, instead, improperly converted his writ of certiorari to a habeas petition and transferred the petition to the Circuit Court of Escambia County, Alabama. Broach further complains that the Escambia County Circuit Court lacked jurisdiction to rule on the habeas petition under state law as the Alabama Code mandates that all actions against the Alabama Department of Corrections be brought in Montgomery County. He also argues that neither the Circuit Court of Escambia County nor the Alabama Court of Criminal Appeals properly addressed his jurisdiction claim on the merits.

Upon review of the claims presented in the instant federal petition, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404.

## DISCUSSION

Initially, the court finds that the claims presented by Broach are interrelated and should therefore be addressed in a single habeas action. "For the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). Broach challenges actions undertaken by both the Circuit Court of Montgomery County and the Circuit Court of Escambia County. Montgomery County is located within the Middle District of Alabama while Escambia County is located within the Southern District of Alabama. Thus, this habeas petition could have been brought in either this court or the

United States District Court for the Southern District of Alabama.

The jurisdiction claim permeates the petition. The disposition of this claim will impact all other claims presented in the petition. Broach litigated the jurisdiction claim before the Circuit Court of Escambia County and on appeal from such court's denial of his state habeas petition. Moreover, Broach is presently incarcerated at the Fountain Correctional Facility which is located within the Southern District of Alabama. It likewise appears that the disciplinary actions which prompted Broach's initial state filing occurred during proceedings which transpired in the Southern District of Alabama. Accordingly, in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before March 12, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

3

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of February, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE